No. 26-5360 & No. 26-5558

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

STACY SEYB, *Plaintiff-Appellee*,
v.
RAÚL R. LABRADOR, in his official capacity as Attorney General of Idaho,
*Intervenor-Appellant*.

On Appeal from the U.S. District Court for the District of Idaho
Case No. 1:24-cv-00244-BLW

# APPELLANTS ATTORNEY GENERAL LABRADOR AND ADA COUNTY PROSECUTING ATTORNEY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE PARTIAL STAY

JOHN J. BURSCH
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(616) 450-4235
jbursch@ADFlegal.org

JAMES A. CAMPBELL
ERIK BAPTIST
MATHEW W. HOFFMANN
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
jcampbell@ADFlegal.org
ebaptist@ADFlegal.org
mhoffmann@ADFlegal.org

RAÚL R. LABRADOR
Attorney General
MICHAEL A. ZARIAN
Solicitor General
JAMES E. M. CRAIG
Chief, Civil Litigation and
Constitutional Defense
AARON M. GREEN
Assistant Solicitor General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073

*Counsel for Appellants Attorney General Labrador and*
*Ada County Prosecuting Attorney*

## TABLE OF CONTENTS


Table of Authorities ..... ii

Introduction ..... 1

Background ..... 1

Legal Standard ..... 2

Argument ..... 3

I. Plaintiff is unlikely to succeed on the merits. ..... 3

A. Plaintiff doesn't have a fundamental right to "therapeutic" abortions. ..... 4

B. The district court properly limited its injunctions to Plaintiff. ..... 4

C. Plaintiff doesn't require relief for those purportedly "acting in concert" with him ..... 7

II. Plaintiff fails the remaining factors. ..... 8

Conclusion ..... 8

Certificate of Compliance ..... 10

Certificate of Service ..... 11

## TABLE OF AUTHORITIES

**Cases**

*Atlas Life Insurance Company v. W.I. Southern, Inc.*,
306 U.S. 563 (1939) .......... 5

*Dobbs v. Jackson Women's Health Organization*,
597 U.S. 215 (2022) .......... 4

*Doe v. San Diego Unified School District*,
19 F.4th 1173 (9th Cir. 2021) .......... 3

*Drakes Bay Oyster Co. v. Jewell*,
747 F.3d 1073 (9th Cir. 2014) .......... 8

*Ex Parte Young*,
209 U.S. 123 (1908) .......... 6

*Flores v. Huppenthal*,
789 F.3d 994 (9th Cir. 2015) .......... 6

*Labrador v. Poe ex rel. Poe*,
144 S. Ct. 921 (2024) .......... 5

*Los Angeles Press Club v. Noem*,
171 F.4th 1179 (9th Cir. 2026) .......... 7

*Nken v. Holder*,
556 U.S. 418 (2009) .......... 8

*Scott v. City of Daytona Beach*,
No. 24-12662, 2026 WL 1830927 (11th Cir. June 25, 2026) .......... 5, 6

*Scott v. Donald*,
165 U.S. 107 (1897) .......... 6

*Trump v. CASA, Inc.*,
606 U.S. 831 (2025) .......... 3, 4, 5, 6

*Washington v. Trump*,
145 F.4th 1013 (9th Cir. 2025) .......... 7

**Statutes**

42 U.S.C. § 1983 .......................................................................... 4

**Rules**

Fed. R. App. P. 8 .......................................................................... 2

## INTRODUCTION

Only Plaintiff Stacy Seyb challenged Idaho's pro-life laws. Yet he wants to stop Idaho from enforcing its democratically enacted laws against *any* doctor—not just him. Plaintiff thus seeks an injunction applying to nonparties pending appeal.

He's unlikely to succeed on that argument for three reasons. First, he doesn't have an underlying right to perform "therapeutic" abortions. Second, traditional equitable principles, which generally do not permit relief to nonparties, apply to Section 1983 cases like this one. Third, Plaintiff hasn't met his burden to show relief should extend to those "acting in concert" with him.

Nor can Plaintiff satisfy the other remaining injunction factors. Plaintiff will suffer no irreparable injury because he has no fundamental right at stake and never moved for a preliminary injunction in the district court. And the public interest favors continued enforcement of Idaho's laws. This Court should deny Plaintiff's motion in its entirety.

## BACKGROUND

This case involves a single plaintiff's challenge to Idaho's Defense of Life Act and Fetal Heartbeat Preborn Child Protection Act. Doc. 56. [1]

---

[1] Citations to document numbers refer to documents filed on the district court docket, unless otherwise noted. Citations to the Excerpts of Record (ER) and Supplemental Excerpts of Record (SER) refer to those filed in relation to Appellants' motion to stay the district court's injunctions (Doc. 14.1 in appeal No. 26-5360).

Despite being the only plaintiff, Seyb sought injunctive relief to stop enforcement of Idaho's laws against *any* doctor. *Id.* at 25–26. After trial, Plaintiff reiterated his request for universal injunctive relief. Doc. 145 at 176–77.

The district court permanently enjoined the Attorney General and Ada County Prosecuting Attorney from enforcing the challenged laws against any doctor. ER-80. In the district court, the Attorney General filed an emergency motion for stay pending appeal, arguing that the court erred in inventing an unenumerated fundamental right and in stopping enforcement of the laws against non-parties. Doc. 149-1. The court below granted the motion in part, ruling "that an injunction limited to Dr. Seyb will suffice to address the alleged harm." 1-SER-7. Plaintiff did not ask the district court to restore the injunction but instead moved first in this Court.

## LEGAL STANDARD

For "an order … restoring … an injunction while an appeal is pending," a "party must ordinarily move first in the district court." Fed. R. App. P. 8(a)(1). When making such a motion in this Court, the movant must show "that moving first in the district court would be impracticable" or "that, a motion having been made, the district court denied the motion or failed to afford the relief requested." Fed. R. App. P. 8(a)(2).

Plaintiff's motion asks this Court to restore an injunction pending appeal. "To determine whether to grant an injunction pending appeal,

this [C]ourt applies the test for preliminary injunctions." *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1176 (9th Cir. 2021). "A plaintiff seeking a preliminary injunction must establish that [he] is likely to succeed on the merits, that [he] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [his] favor, and that an injunction is in the public interest." *Id.* (citation modified). Plaintiff—not Appellants—has the burden of making this showing on appeal. *Contra* Mot.4. Plaintiff didn't first move in the district court or explain why he didn't so move and can't meet his burden on the injunction factors.

## ARGUMENT

### I. Plaintiff is unlikely to succeed on the merits.

The district court properly narrowed the scope of its universal injunctions. Plaintiff has no underlying fundamental right to terminate unborn children for "therapeutic" reasons. So he can't receive *any* injunctive relief—let alone universal relief. Nor can he get universal relief because the Supreme Court recently clarified that federal courts generally lack jurisdiction to issue injunctive relief protecting nonparties. *Trump v. CASA, Inc.*, 606 U.S. 831, 843 (2025). Section 1983 doesn't expand equitable remedies; it provides a cause of action linked to federal courts' historic equitable jurisdiction. Finally, Plaintiff didn't meet his burden to show broad relief is necessary to redress any injury to him. The merits therefore don't favor him.

### A. Plaintiff doesn't have a fundamental right to "therapeutic" abortions.

Plaintiff's request for universal relief fails because he has no underlying right to terminate unborn children for "therapeutic" reasons. Appellants' motion to stay the district court's injunctions establishes that Idaho may prohibit abortions under *Dobbs* and that Plaintiff lacks the historical evidence necessary to show an unenumerated fundamental right to abortion. Doc. 14.1, appeal No. 26-5360 (citing *inter alia Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022)). With no fundamental right at stake, Plaintiff can't receive any injunctive relief. The Court should deny Plaintiff's motion on this basis alone.

### B. The district court properly limited its injunctions to Plaintiff.

Section 1983 creates a cause of action with remedies linked to federal courts' existing equitable jurisdiction. Its broad remedial purpose does not provide equitable remedies beyond what its text allows. *Contra* Mot.5.

Section 1983 allows those deprived of constitutional rights to bring a "suit in equity" for redress. 42 U.S.C. § 1983. That term of art refers to the Judiciary Act of 1789, which "endowed federal courts with jurisdiction over 'all suits ... in equity.'" *CASA*, 606 U.S. at 841 (quoting § 11, 1 Stat. 78). The Judiciary Act is what "prescribes" when "a district court has jurisdiction as a federal court" and "exercise[s] ... the extraordinary powers of a court of equity." *Atlas Life Ins. Co. v. W.I. S.,*

*Inc.*, 306 U.S. 563, 568 (1939). Even today, that 1789 law "is what authorizes the federal courts to issue equitable remedies." *CASA*, 606 U.S. at 841 (citation modified). "[T]he statutory grant encompasses only those sorts of equitable remedies traditionally accorded by courts of equity at our country's inception." *Id.* (citation modified). And for the most part, equitable remedies historically could not "extend[ ] beyond the parties." *Id.* at 843.

In *CASA*, the Supreme Court held that universal injunctions—those that bar government officials from enforcing a law against anyone—"likely exceed the authority conferred by the Judiciary Act." *Id.* at 860. Thus, injunctions in Section 1983 suits can be no broader than necessary to "administer complete relief *between the parties*." *Id.* at 851 (citation modified); *see Labrador v. Poe ex rel. Poe*, 144 S. Ct. 921 (2024) (staying universal injunction in Section 1983 action); *Scott v. City of Daytona Beach*, No. 24-12662, 2026 WL 1830927, at *18 & n.20 (11th Cir. June 25, 2026) (applying *CASA* in Section 1983 suit).

*CASA* did not limit its holding to preliminary "injunctions barring nationwide enforcement of federal laws." *Contra* Mot.8. The Court explicitly rejected a geographic requirement: the issue "is not so much *where*" an injunction "applies, but *whom* it protects." *CASA*, 606 U.S. at 837 n.1. A forbidden "universal injunction prohibits the Government from enforcing the law against *anyone*"—not just parties. *Id.*

The principle applies equally to universal injunctions against state officials. *Contra* Mot.8. *CASA* favorably cited precedent requiring party-specific relief in a challenge to "the constitutionality of a law on which state officials had relied." 606 U.S. at 843 (citing *Scott v. Donald*, 165 U.S. 107 (1897)). The Court disposed of the supposed "distinct history" of "equitable relief against state officials," Mot.8, rejecting the argument that *Ex Parte Young*, 209 U.S. 123 (1908), permits courts to "devise novel remedies that have no background in traditional equitable practice," *CASA*, 606 U.S. at 846 n.9. Plaintiff offers no support for his assertion that federal courts have a "longstanding practice" of issuing universal injunctions against state officials. Mot.6. Pre-*CASA*, individual plaintiffs did not obtain statewide injunctions as of right. Plaintiffs had to prove a "statewide violation … adequate to justify … a statewide injunction." *Flores v. Huppenthal*, 789 F.3d 994, 1008 (9th Cir. 2015). To the extent federal courts recently began to exceed that authority, *CASA* reins them in.

Nothing in *CASA* hinged on whether the injunction was preliminary or permanent. Rather, "the decision's logic applies with equal force to any blanket, non-party-specific injunction." *Scott*, 2026 WL 1830927, at *18 n.20. What matters is the relevant history and "*whom*" the injunction binds, not whether it operates temporarily or permanently. *CASA*, 606 U.S. at 837 n.1.

*CASA* establishes that the district court properly narrowed the injunctions to apply only to Plaintiff. The court below had initially issued universal injunctions applying to nonparty doctors. But "federal courts lack authority to issue universal injunctions," *Washington v. Trump*, 145 F.4th 1013, 1038 (9th Cir. 2025) (citation modified), so the court appropriately limited the injunctions' scope. Plaintiff likely won't succeed on his claim for universal injunctions.

### C. Plaintiff doesn't require relief for those purportedly "acting in concert" with him.

Plaintiff didn't establish that the district court's injunctions should extend to those "acting in concert with him" to terminate unborn children. Mot.11. Plaintiff has the burden to "show[ ]" an injunction applying to "nonparties" is "necessary to give relief to" him. *Los Angeles Press Club v. Noem*, 171 F.4th 1179, 1191 (9th Cir. 2026).

But Plaintiff's complaint made no mention of those "acting in concert" with him. *See* Doc. 56. Instead, it sought to prevent enforcement of Idaho's pro-life laws against any doctor. Similarly, his post-trial filing asked for relief for every doctor and didn't identify anyone acting in concert with him. Doc. 145 at 176–77.

Nor did Plaintiff's trial testimony establish that he requires people to act in concert with him. His cited testimony simply discusses his work in a hospital generally. *See* Mot.10 (citing ER-23–24, 2-SER-192–93, 3-SER-262–64, 277–78). The testimony doesn't show that Plaintiff needs to

act in concert with anyone to perform abortions, nor did he identify any other person necessary to terminate an unborn child. He thus didn't meet his burden to show that relief to him requires enjoining enforcement of Idaho's laws as to nonparties.

## II. Plaintiff fails the remaining factors.

Plaintiff won't suffer any irreparable injury. He has no fundamental right to perform "therapeutic" abortions. *See generally* Doc. 14.1, appeal No. 26-5360. And he never moved for a preliminary injunction or asked the district court to restore the permanent injunctions it narrowed. While the appeal proceeds, he can continue to practice medicine as he's done for the past four years—with hopefully a better understanding of Idaho law. ER-84 (discussing how Plaintiff should have treated his patient in Idaho instead of airlifting her to Utah).

Neither does Plaintiff show that the balance of equities or public interest weighs in his favor. When the government is a party, these last two factors merge. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). Here, the public interest favors enforcing Idaho's duly enacted laws that protect unborn children. *Nken v. Holder*, 556 U.S. 418, 436 (2009).

## CONCLUSION

The Court should deny Plaintiff's motion in its entirety.

Dated: September 18, 2026

*s/Mathew W. Hoffmann*

JAMES A. CAMPBELL
ERIK BAPTIST
MATHEW W. HOFFMANN
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
jcampbell@ADFlegal.org
ebaptist@ADFlegal.org
mhoffmann@ADFlegal.org

JOHN J. BURSCH
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(616) 450-4235
jbursch@ADFlegal.org

RAÚL R. LABRADOR
Attorney General
MICHAEL A. ZARIAN
Solicitor General
JAMES E. M. CRAIG
Chief, Civil Litigation and
Constitutional Defense
AARON M. GREEN
Assistant Solicitor General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073

*Counsel for Appellants Attorney General Labrador and Ada County Prosecuting Attorney*

## CERTIFICATE OF COMPLIANCE

This response complies with the word limit of Circuit Rules 27-1(1)(d) and 32-3 because it contains 1,810 words and does not exceed 20 pages, excluding parts exempted by Fed. R. App. P. 32(f).

This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Word 365 using a proportionally spaced typeface, 14-point Century Schoolbook.

Dated: September 18, 2026

*s/Mathew W. Hoffmann*
Mathew W. Hoffmann

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2026, I electronically filed the foregoing response with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate ACMS system. I certify that all participants in the case are registered ACMS users, and that service will be accomplished by the ACMS system.

*s/Mathew W. Hoffmann*
Mathew W. Hoffmann